UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AJA GORSLINE,<br>                        Plaintiff,<br>    v.<br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br>                        Defendants. | Case No. 3:21-cv-00019-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

This action arises from an inmate attack on a case worker, who is employed by the Nevada Department of Corrections ("NDOC"), that took place in October 2020 at the Lovelock Correctional Center ("LCC"). Plaintiff Aja Gorsline, the case worker, has filed a first amended complaint under 42 U.S.C. § 1983 against several NDOC employees[1] ("Defendants") and Doe Defendants. (ECF No. 4 ("FAC").) Before the Court is Defendants' motion to dismiss the FAC.[2] (ECF No. 6 ("Motion").) Because the Court agrees with Defendants, and as further explained below, Defendants' Motion is granted. However, the Court also grants Plaintiff leave to amend the FAC.

---

[1]NDOC employees include Charles Daniels (NDOC Director), Tim Garrett (LCC Acting Warden), Kara LeGrand (LCC Associate Warden), Kirk Widmar (LCC Acting Associate Warden and Correctional Lieutenant), Bobby Preston (LCC Correctional Lieutenant), and Jason Chicone (LCC Shift Commander). (ECF No. 4 at 2-3.)

Additionally, the Court notes that Plaintiff names the State of Nevada and the NDOC as defendants in the caption but not in the body of her first amended complaint. (*Id.* at 1.) The Court construes this as a § 1983 action that is being brought against Nevada and the NDOC. However, with respect to federal court cases, Nevada does not waive its sovereign immunity. *See* NRS § 41.031(3). Generally, Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states"). Accordingly, the Court dismisses the State of Nevada and the NDOC from this case with prejudice, as amendment would be futile.

[2]Plaintiff responded (ECF No. 10) and Defendants replied (ECF No. 11).

## II. BACKGROUND

The following facts are taken from Plaintiff's FAC. (ECF No. 4.) Plaintiff began working at LCC in 2016, first as a correctional officer trainee, then as a full correctional officer. (*Id.* at 4.) On June 29, 2020, Plaintiff was promoted to the position of a case worker where she was responsible for "annual inmate reviews, reclassification reviews, inmate screenings, file audits, and researching and addressing inmate grievances." (*Id.* at 5.)

As a case worker, Plaintiff worked in Unit 2B, which was routinely understaffed and often lacked a floor officer because the officer would have to cover both Units 2B and 2A. (*Id.*) Unit 2B had cameras for remote observations but they were not working, which Defendants knew about. (*Id.*) Additionally, there were not enough radios for case workers, and a case worker had expressed this concern to the warden. (*Id.*) The case worker also complained about understaffing, and a lack of weapons and equipment. (*Id.*) As a response, a corrections officer made a duty belt and tools out of cardboard and left it on the case worker's desk. (*Id.*)

On October 29, 2020, at approximately 9:30 a.m., an inmate came into Unit 2B where Plaintiff was working to ask a question. (*Id.* at 6.) The inmate had been convicted of kidnapping, sexual assault, and use of a deadly weapon. (*Id.* at 7.) While he was in prison, the inmate had additional incidents of sexual misconduct. (*Id.* at 8.) Defendants knew the inmate was dangerous and guilty of sexually inappropriate conduct towards staff. (*Id.*)

There was no floor officer assigned to Units 2B or 2A on the morning the inmate came in to ask Plaintiff a question. (*Id.* at 5.) At some point that day, the inmate returned to Unit 2B a third time and sat on the opposite side of Plaintiff's desk. (*Id.* at 6.) When Plaintiff went to pick up a handball the inmate had dropped, the inmate rushed around the desk, grabbed Plaintiff, slammed her to the floor, and body-slammed her. (*Id.*) The inmate held a pen to Plaintiff's throat and Plaintiff screamed for help. (*Id.*) After the inmate was unable to stab Plaintiff with the pen, he proceeded to try to strangle her,

began punching her face, and tried to bite her neck. (*Id.* at 6-7.) Eventually, Plaintiff was able to run out of Unit 2B and yell for help. (*Id.* at 7.) She states that "she believed she was about to be raped and/or killed." (*Id.* at 6.) Due to the attack, Plaintiff has suffered significant physical injuries that include contusions, bruising of her face and body, and a broken nose. (*Id.* at 8.) Plaintiff also suffered emotional harm, and is being treated for anxiety and sleep disruption. (*Id.* at 8-9.)

Plaintiff brings this action against Defendants under 42 U.S.C. § 1983, alleging Defendants violated her Fourteenth Amendment right to maintain the integrity of her body without due process of law. (*Id.* at 9.) She alleges that Defendants had a duty under Administrative Regulation 105 ("AR 105") and certain Operating Procedures to provide a safe and secure working environment. (*Id.* at 2-3, 9.) But instead, Defendants created the dangerous conditions, failed to ameliorate the danger, and failed to protect her. (*Id.*) Therefore, Defendants acted with deliberate indifference to her right under the Fourteenth Amendment.

**III.   DISCUSSION**

Defendants make several arguments in their Motion. (ECF No. 6 at 5-12.) Because the Court finds Defendants' first argument to be dispositive, the Court will address only this argument below.[3]

Defendants argue that Plaintiff has failed to state a claim against each individual Defendant. (ECF No. 6 at 5-6.) Specifically, Defendants argue that Plaintiff's allegation merely "lumps" all seven individual Defendants together, which prevents the Court from drawing a reasonable inference that each Defendant is liable for the alleged misconduct. (*Id.*) Plaintiff counters that she has sufficiently pled allegations against each

---

[3]The last of Defendants' arguments is that injunctive relief is a remedy, not an independent cause of action. (*Id.* at 11-12.) The Court notes that Count 2 of the FAC seeks injunctive relief. (ECF No. 4 at 10-11.) The Court agrees with Defendants and dismisses Plaintiff's standalone injunctive relief claim, but Plaintiff can pursue injunctive relief in connection with her other claim. *See, e.g.*, *Raudelunas v. City of Vallejo*, Case No. 2:21-cv-00394-KJM-JDP, 2022 WL 329200, at *13 (E.D. Cal. Feb. 2, 2022) (articulating that injunctive relief is a remedy, not a standalone cause of action, and that a cause of action must exist before injunctive relief can be granted).

3

Defendant. (ECF No. 10 at 11-15.) She specifically provides that: (1) Charles Daniel intentionally created dangerous work conditions and acted with deliberate indifference to Plaintiff's right to maintain her body integrity; (2) Brian Williams and Tim Garrett failed to implement or develop Operational Procedures, or the Operational Procedures they are implementing do not meet required standards; (3) and Kara LeGrand, Kirk Widmar, Bobby Preston, and Jason Chacon were out of compliance with the Operational Procedures because the attacked occurred. (*Id.*) The Court disagrees with Plaintiff.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court of the United States clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the Court to infer more than the mere

4

possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks and citation omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

Here, Plaintiff alleges that Defendants violated her right to maintain the integrity of her body when they were deliberately indifferent to their duty to provide a safe and secure working environment pursuant to AR 105 and certain Operational Procedures. (ECF No. 4 at 9-10.) Plaintiff's allegations regarding the attack at LCC, however, are devoid of any specific attribution of actions taken by each Defendant and, notably, the allegations do not mention any Defendant by name. The only alleged actions of an LCC employee are that of an unnamed corrections officer who left a duty belt and tools made from cardboard on a case worker's desk. (*Id.* at 5.) Moreover, Plaintiff alleges certain facts were "known" to Defendants such as: staff shortages, lack of functioning cameras in Unit 2B, Plaintiff worked alone, and the inmate was guilty of sexually inappropriate conduct towards staff. (*Id.* at 5, 8.) But these allegations are mere conclusions and they do not "rise above the speculative level." *Twombly*, 550 U.S. at 555. Nor does Plaintiff's direct reference to each Defendant, as offered in her opposition, direct the Court to the factual allegations that would allow the Court to draw a "reasonable inference that the defendant[s] are liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678. As such, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Defendants' Motion is therefore granted.

However, the Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (*quoting* Fed. R. Civ. P. 15(a)). Because the Court does not find that amendment is futile, Plaintiff is granted leave to amend her FAC.

///

///

5

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 6) is granted.

It is further ordered that the State of Nevada and the NDOC are dismissed with prejudice from this action as amendment would be futile.

It is further ordered that Plaintiff is given leave to amend her FAC (ECF No. 4) within 30 days. Failure to file a second amended complaint will result in the dismissal of this action with prejudice.

DATED THIS 28th Day of February 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE